UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Jane Doe

          Plaintiff,

v.

Shelby Singleton

          Defendant

**COMPLAINT
(JURY TRIAL)**

The Plaintiff complaining of the Defendant would respectfully show unto the Court as follows:

**PARTIES**

1. The Plaintiff is a citizen and resident of Cherokee County, South Carolina. She is proceeding anonymously due to the substantial privacy right she has as a victim of sexual assault. See James v. Jacobson, 6 F.3d 233, 238 (4th Cir.1993)

2. Upon information and belief, Defendant Shelby Singleton is a resident of South Carolina and was employed by Defendant Cherokee County Sheriff's Department ("CCSO") as a Deputy Sheriff during the relevant time period stated below. At all relevant times Defendant Singleton was acting under the color of law.

3. That the events complained of herein took place in Cherokee County, South Carolina and this court therefor has jurisdiction over the parties and subject matter of this action.

## JURISDICTION AND VENUE

4. The previous paragraphs are incorporated by reference as if fully restated herein.

5. This action is brought to remedy violations of federal law; specifically, violations of 42 U.S.C. § 1983 and other federally protected constitutional rights.

6. Jurisdiction of this Court is proper under the federal statutes set forth above. Venue is proper because the unlawful violations of the Plaintiff's federally protected constitutional rights and the assault alleged in this complaint were committed within the jurisdiction of the United States District Court, District of South Carolina.

## FACTUAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates by reference each allegation contained above and further alleges as follows.

8. On or about December 16, 2020, the Defendant CCSO was contacted via 911 regarding an incident at Plaintiff's home involving she and her boyfriend.

9. While operating in the course and scope of his employment with the CCSO, Shelby Todd Singleton ("Singleton") responded to Plaintiff's home and conducted an on-site investigation.

10. Following the on-site investigation by Singleton and other responding officers employed by Defendant CCSO, Singleton arrested Plaintiff's boyfriend and transported him to the Cherokee County Detention Center. The remaining officers left Plaintiff's home.

11. Shortly thereafter on that same night, Singleton returned to Plaintiff's home. Singleton continued to operate in the course and scope of his employment with CCSO and he was wearing his uniform and driving his CCSO patrol vehicle. When he returned to Plaintiff's home he identified himself as a Deputy with the Cherokee County Sheriff's Department

12. Singleton told the Plaintiff that needed to come in the home as a follow up and to check on her after the earlier incident. Plaintiff was obviously still in an emotional state from the

argument with her boyfriend when Singleton arrived. Singleton, sensing that Plaintiff was vulnerable and scared, masterfully continued his manipulation of the situation by using his law enforcement skills while simultaneously continuing to attempt to gain Plaintiff's trust and exert influence.

13. As he approached the front porch, he appeared to search the exterior of the home, at which point Plaintiff realized that he was searching for security cameras. Singleton also asked Plaintiff questions to determine if anyone else was around or would be coming to the home.

14. Singleton entered Plaintiff's home without permission and proceeded to Plaintiff's bedroom. He then performed a search of the room and shined his flashlight into her closet. He directed Plaintiff to get her body lotion from the room and began rubbing her neck with the lotion.

15. Singleton then removed Plaintiff's shirt and bra and rubbed her arms, back, breasts, and stomach against her will. Singleton began attempting to remove Plaintiff's jeans but she was able to get away from him. She continued to tell him no and to ask him to stop and leave.

16. Singleton refused to leave but rather removed all of his clothing except for his socks. Singleton then proceeded to expose himself and masturbate in front of Plaintiff, forcing her to watch. He then ejaculated on Plaintiff and her clothing.

17. Singleton then dressed himself in his uniform and exited Plaintiff's home and took the article of Plaintiff's clothing that had his semen on it with him.

18. This encounter was extremely disconcerting and emotionally taxing on the Plaintiff. After months of emotional anguish, fear of retaliation, and humiliation, Plaintiff reported the above-referenced incident to the CCSO.

19. On or about August 6, 2021, Singleton was charged with and arrested for second degree assault & battery (felony), indecent exposure (felony), and misconduct in office by a public official (misdemeanor) in relation to the above-referenced acts.

20. On or about December 6, 2021, Singleton was indicted for second degree assault & battery and indecent exposure.

21. Upon information and belief, on or about February 14, 2022, Singleton pled guilty to second degree assault & battery and misconduct in office by a public official.

22. Singleton's actions and omissions as an Officer of Cherokee County, as stated above, were wholly unreasonable in light of all facts and circumstances surrounding the event. Defendant's actions are a violation of her civil rights and liberties protected by the U. S. Constitution. As a direct and proximate result of the above-referenced acts by Defendant Singleton, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to medical and psychological expenses, emotional distress, physical manifestation of emotional distress, fear, embarrassment, loss of self-esteem, humiliation, loss of enjoyment of life, and other damages as yet undetermined. Plaintiff is reasonably expected to suffer from such damages in the future.

**FOR A FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. 1983 –4th and 14th Amendments**
**By Defendant Singleton**

23. The Plaintiff realleges and incorporates in this paragraph the relevant and consistent allegations contained in the preceding paragraphs of the Complaint.

24. During the time period in question, Defendant Singleton was acting under the color or pretense of State law, customs, practices, usage or policy as a sworn police officer of the Cherokee County Sheriff's Office and had certain duties imposed upon him with regard to Plaintiff.  Defendant, acting under color of State law, subjected Plaintiff and caused Plaintiff to be subjected to violations of her civil and constitutional rights, including violation of her

personal bodily integrity, her right to be free from state created danger, and unreasonable search and seizure.

25. During the time period in question, Defendant Singleton was well aware of Plaintiff's constitutional rights, including her right to due process, her liberty interest, her right to be free from unreasonable search and seizure, and her right to be free of unjustified intrusions on personal bodily integrity.

26. The above set forth facts show that Defendant Singleton sexually assaulted Plaintiff, a victim of a crime he was assigned to investigate, while wearing a police-issued badge and gun and using his police-issued vehicle for transport. As such, Defendant Singleton imposed himself in such a way, as a sworn officer of the law, that Plaintiff was manipulated, intimidated, coerced, and without choice but to comply with his demands. Defendant Singleton asserted mental and physical control over Plaintiff and proceeded to sexually assault her.

27. Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the acts of Defendant Singleton.

28. As a direct result of the above actions of Defendant Singleton, Plaintiff has been injured and damaged in that she has been deprived of her rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States, has been subject to sexual assault, physical and psychological injury, has endured and will endure mental anguish and emotional distress, has incurred medical bills and will incur medical bills in the future, and has been deprived of the enjoyment of her life, thereby entitling her to an award of actual, consequential, punitive damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiffs pray for judgments against one or both Defendants as follows:

a.  actual damages found to be fair and equitable within the discretion of the fact finder;

b.  punitive damages if proven by clear and convincing evidence found to be fair and equitable within the discretion of the fact finder;

c.  the fees, costs, and disbursements of this action;

d.  for prejudgment interest at the rate authorized by the South Carolina Supreme Court and S.C. Code Ann. § 34-31-21 (B); and

e.  for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HODGE AND LANGLEY LAW FIRM, P.C.

s/T. Ryan Langley
T. Ryan Langley, Fed. Bar #10047
P.O. Box 2765
Spartanburg, SC 29304
Ph: (864) 585-3873
Fax: (864) 585-6485

Attorney for Plaintiff

October 4, 2022
Spartanburg, SC